UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------

|  |  |  |
|---|---|---|
| THOMAS L. WILLS, | : | CASE NO. 4:20CV00984 |
| Petitioner, | : |  |
| vs. | : | ORDER DENYING MOTION |
|  | : | [Resolving Doc. 5] |
| WARDEN MARK K. WILLIAMS, | : |  |
| Respondent. | : |  |

------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On May 6, 2020, *pro se* Petitioner Thomas L. Wills filed an emergency habeas corpus petition pursuant to 28 U.S.C. § 2241 seeking release to home confinement due to the COVID-19 outbreak at FCI Elkton where he was incarcerated.[1] On June 26, 2020, this Court determined that Petitioner failed to exhaust his administrative remedies and entered an order dismissing Wills's petition.[2]

Petitioner filed a Motion for Reconsideration, Resubmittal and Supplement to his Petition, in which he attaches a copy of his request for compassionate release that was purportedly filed on April 13, 2020.[3]

Here, Wills was incarcerated at FCI Elkton at the time he filed his emergency petition in which he alleged that Respondent, FCI Elkton's Warden, was violating his rights under the Eighth Amendment of the United States Constitution by failing to protect him from a substantial risk of serious harm from COVID-19. In his petition, Wills sought a

---

[1] Doc. 1.
[2] Docs. 3, 4.
[3] Doc. 5.

Case No. 4:20CV00984
Gwin, J.

declaration that Respondent's response to the presence of COVID-19 inside FCI Elkton was "inadequate and ineffective" and thus the "current conditions existing inside Elkton violate" the Eighth Amendment, and he sought the immediate release to home confinement.[4]

This Court's review of the Federal Bureau of Prisons website, however, indicates that Wills is no longer incarcerated at FCI Elkton. Rather, Wills (inmate registration no. 50373-037) is currently incarcerated at FCI Fort Dix.[5] The Court takes judicial notice of Wills's current incarceration.[6]

It is well established that an inmate's request for declaratory and injunctive relief is moot upon his transfer to a different facility.[7] Since the filing of this petition, Wills has been transferred to another correctional facility. Any consideration of his claims for declaratory and injunctive relief were therefore rendered moot upon his transfer from the prison about which he complained.

Accordingly, Wills's Motion for Reconsideration, Resubmittal and Supplement to his Petition (Doc. 5) is denied.

IT IS SO ORDERED.

Dated: March 11, 2021                          s/ James S. Gwin
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE

---

[4] Doc. 1 at 9.
[5] *See* https://www.bop.gov/inmateloc/.
[6] *Blue v. Ryan*, 1:19 CV 962, 2019 U.S. Dist. LEXIS 189156, 2019 WL 5653246, at *2, n 1 (N.D.Ohio October 31, 2019) (noting that federal courts may take judicial notice of information at a government agency website because they are self-authenticating), citing *Maxberry v. Univ. of Kentucky Med. Ctr.*, 39 F. Supp. 3d 872, 875 n.5 (E.D. Ky. 2014) (citations omitted); *see also Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003) (stating the court may take judicial notice of information at a government agency website)..
[7] *See Parks v. Reans*, 510 F. App'x 414, 415 (6th Cir. 2013) (citing *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996)).